UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**13 CV 1597**

Serafin Colon
_____

*(In the space above enter the full name(s) of the plaintiff(s).)*

-against-

City of New York
New York Police Department
P.O. Rashied McIntyre
_____

**COMPLAINT**
under the
Civil Rights Act, 42 U.S.C. § 1983
(Prisoner Complaint)

Jury Trial: ☒ Yes ☐ No
*(check one)*

*(In the space above enter the full name(s) of the defendant(s). If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Part I. Addresses should not be included here.)*

RECEIVED
MAR - 7 2013
PRO SE OFFICE

I.   **Parties in this complaint:**

A.   List your name, identification number, and the name and address of your current place of confinement. Do the same for any additional plaintiffs named. Attach additional sheets of paper as necessary.

Plaintiff   Name **Serafin Colon**
            ID # **12 A 3480**
            Current Institution **SING SING CORRECTIONAL FACILITY**
            Address **354 HUNTER STREET**
                    **Ossining, NEW YORK 10562**

B.   List all defendants' names, positions, places of employment, and the address where each defendant may be served. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.

Defendant No. 1   Name **CITY OF NEW YORK**                      Shield #_____
                  Where Currently Employed **CORPORATION COUNCIL**
                  Address **100 CHURCH STREET 6th floor N.Y. 10007**

Defendant No. 2    Name **NEW YORK POLICE DEPARTMENT**   Shield #_____
                   Where Currently Employed **CARE OF:LEGAL BUREAU**
                   Address **1 POLICE PLAZA**
                           **NEW YORK, NEW YORK 10038**

Defendant No. 3    Name **Rashied McIntyre**   Shield #**03045**
                   Where Currently Employed **NEW YORK CITY POLICE DEPARTMENT**
                   Address **1 POLICE PLAZA, CARE OF LEGAL BUREAU**
                           **NEW YORK, NEW YORK 10038**

Defendant No. 4    Name _____   Shield #_____
                   Where Currently Employed _____
                   Address _____

Defendant No. 5    Name _____   Shield #_____
                   Where Currently Employed _____
                   Address _____

II.   Statement of Claim:

State as briefly as possible the facts of your case. Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach additional sheets of paper as necessary.

A.   In what institution did the events giving rise to your claim(s) occur?

B.   Where in the institution did the events giving rise to your claim(s) occur?

C.   What date and approximate time did the events giving rise to your claim(s) occur?

D.  Facts: _____

What happened to you?

Who did what?

Was anyone else involved?    SEE APPENDIX ATTACHED.

Who else saw what happened?

III.  Injuries:

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received.

I Serafin Colon, the plaintiff was caused to sustain temporary and permanent injury to head, neck, shoulders, back, arms, and genital/pelvic region. Injury include but are not limited to hearing lose, constant pain and discomfort to neck, constant pain and discomfort to genital and pelvic region, bruising to ear, neck, shoulders, back, wrist and hands. Mental and emotional pain deriving not only from the incident but from community embarrassment and stigmatation.

IV.  Exhaustion of Administrative Remedies:

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Administrative remedies are also known as grievance procedures.

A.  Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

Yes ___   No  X

Rev. 05/2010                                3

STATEMENT OF CLAIM:

1.      On June 26, 2010 at approximately 8 pm I Serafin Colon, the plaintiff in this complaint, was walking toward my permanent place of residence located at Johnson Housing Complex at 1850 Lexington Avenue, Apt 1C, New York, N.Y. 10029. I have resided in the Johnson Houses for approximately thirty years prior to the date listed above.

2.      As I approached a walk way leading to the front door of the building I reside in I passed two uniformed members of the New York City Police Department that appeared to be on patrol at the time.

3.      One of the officers was (Rashied McIntyre, shield #03045), the defendant in this complaint and the other was an African American femail officer of about five foot, five inches in height that was approximately one hundred and ten pounds in weight and thirty to thirty five years of age. Her name and shield numbers have eluded my knowledge up till this moment.

4.      I opened the unsecured front door of my building and as I entered the lobby of my building and was getting my keys ready to open the door of my apartment on the first floor which is approximately thirty feet away from the buildings front door I hear the defendant which entered the building seconds behind me call out in an elevated tone of voice and ask where was I going.

5.      At that time I turned around and taking notice that they were police officers, I answered that I live in the building and pointed to my door. Where I live it is a common occurrence that patrol officers would inquire of and verify residency.

6.      The defendant and his partner quickly approached me and came within a very close proximity of my person.

7.      The defendant asked again where was I going and I repeated that I lived in the building. The defendant asked where and I replied with the apartment number. The defendant also asked where was I coming from and I stated that I lived in the building and asked why were they stopping me. The defendant asked what was I doing in the building and before I could answer he lightly tapped one of my front pockets with the back of his hand and asked if I had anything in my pockets.

8.      On the night in question I was wearing a black t-shirt, a pair of baggy fatigue shorts and a pair of worn construction boots, I am a skilled laborer and a certified electrician in

New York State. I also worked in a hardware store as an attendant. My attire is usually worn but I am well groomed and healthy in appearance and it is very obvious that I am not a vagrant or a perpetrator.

9. The defendant at the time ordered me on the wall by saying "get on the wall", I stepped back and rested my back against a wall next to an elevator. The defendant asked me to turn around and put my hands on the wall. I asked why was I being searched and if I was being arrested, due to the manor the defendant was expressing himself I firmly believed at that moment that I was being mistaken for someone else and was going to be arrested.

10. The defendant firmly grabbed me by the t-shirt around the shoulder and neck aria and turned me around.

11. The defendant removed my wallet from my back pocket and took my New York State Identification Card that bares my correct address into his possession and proceeded to the other pockets.

12. After I was searched the defendant proceeded to write up tickets.

13. I received two tickets which I could barely make out. I strongly thought that the defendants name was McKinny due to the handwriting until I reached court and saw a copy of an initial report written by mechanical means.

14. One of the tickets was for (Trespassing) as I was told and I asked why was I being ticketed for things that do not apply to me.

15. The defendant proceeded to write more while I asked what have I done to receive the tickets and what more could I have been ticketed for being that I have done nothing.

16. The defendant stated something somewhere along the lines of having a court date and arguing my part in court.

17. I informed the officers that I was aware of how agents of the law were abusing the Clean Sweep Program that my housing complex participates in to meet their own personal goals which have nothing to do with me and even less to do with justice and how they target poor people that they personally deem unable or unlikely to defend themselves so that there would be a good chance for them to escape reprimand.

18. I was being cornered by the defendant and his partner.

-2-

I decided to pull my phone out to call the authorities. I informed the defendant and his partner that I was summoning police to report the situation and at that point a physical confrontation commenced.

19.   The defendant with an excessive and unreasonable amount of force tried to hit or slap the phone out of my hand. I was standing within inches of this man and he nearly struck my face with his overexagerated arm movement. The defendant struck my hand and cell phone which I still managed to hold on to.

20.   The defendant proceeded to pin me against the wall with his whole body. He tried to reach to take the phone out of my hand while pushing with his open palm my neck and jaw against the wall. We slid over to an elevator door in the lobby of my building and he was banging my head on the metal door.

21.   The defendant let go and violently pushed me with both of his hands against the elevator door. He pulled out his handcuffs and hand cuffed me with my hands behind my back.

22.   After I was hand cuffed with both hands behind my back the defendant while holding my right arm turned me around and closed fistedly punched me in the lower abdomen, a blow that knocked the wind out of me. I buckled due to the force of the blow on to the tiled lobby floor in momentary pain. I was on my side on the floor in a fetal position. The defendant then proceeded to repeatedly with closed fist attempt to punch and punch me in the genitals and the genital aria several times.

23.   I tried to block the attack with my legs and tried to roll over so that I could get up. I was pulled up and after a few seconds of looking down while trying to stay up the defendant demanded that I walk.

24.   I was somewhat bent over while standing and could not immediately physically respond. The defendant then jacked up both my arms behind my back and forcefully shoved me forward and rammed the buildings unsecured front door open with the top of my head.

25.   I was lead from the building while gasping for air. I was being violently shoved down a path by the defendant and lead to the street or Lexington Avenue.

26.   I was taken to a precinct that is called (P.S.A.5) where I attempted to regain my composure. I was very upset due to the incident.

27.   Throughout the time that I was there I was mocked and

-3-

subjected to verbal insult and abuse. I was also threatened by an unknown officer with a tazer gun equipped with a laser site.

28. I was in a cell locked in a room and while I was still hand cuffed several officers pulled me out of the cell and took me down by force. They confiscated my construction boots and placed shackles on my ankles. I was told by an unknown officer that if I did not shut up and accept that I was being arrested for nothing that I would be beaten again.

29. An E.M.T. was summoned at my request and when he arrived I informed him that I was hurt and in pain. The E.M.T. told me that if I went to the hospital I would delay the booking process and that the hospital would not care of or treat bruises or attend me, that it would be a waste of time to go to the hospital. I responded by informing him that everything that he said was a lie and I also informed him that he was not a member of the N.Y.P.D. and that I could not be denied medical attention.

30. I was taken to (Metropolitan Hospital Center) 1901 First Avenue, New York, N.Y. 10029. I was admitted to the emergency room.

31. The defendant followed and appeared in the emergency room. Due to the situation I asked medical staff to call for superior officers to relieve the defendant of his post. I showed them the bruises on my neck and my shoulders and informed them that the defendant attacked me with no justification early in the evening and that the defendant should be no where around me.

32. A short time latter the defendant approached me while I was on a stretcher with my ankles shackled and while I was hand cuffed to a bed post. I was trying to get medical staffs attention and the defendant closed in on me and told me to keep my mouth shut that he would break my neck. I loudly replied "BREAK MY NECK, FOR WHAT!" and the defendant commenced to punch me with closed fist over the left side of the head and neck. I hid my face from harm by looking downward.

33. The medical staff present during the event crowded up and caught a hold over the defendant and pushed him back. Hospital security staff were summoned and this is the last time I saw the defendant.

34. A short time latter police captains appeared in my vicinity and a group of officers came to replace the defendant.

35. In the morning I was taken to the Manhattan New York

Central Bookings and processed.

36.    I briefly spoke with an attorney and took a look at a write up. I was being brought up on Felony Assault charges.

37.    The report submitted to the courts was a falsified instrument laden with fabricated accounts of the initial incident. It also did not include the incident that took place in the hospital or the trip to the hospital at all.

38.    During the first hearing before a Criminal Court Judge the Assistant District Attorney assigned to the case was blurting out in open court that I was trespassing and was visiting a girlfriend and an acquaintance when I was arrested.

39.    My charges were reduced by the court and I was released without bail pending a court appearance on a latter date.

40.    The case was dismissed on or about January 12, 2011.

CAUSE OF CLAIM:

The defendant violated my fourth, eighth and fourteenth amendment rights by facts stated above.

If YES, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

_____
_____

B. Does the jail, prison or other correctional facility where your claim(s) arose have a grievance procedure?

   Yes _____   No _____   Do Not Know _____

C. Does the grievance procedure at the jail, prison or other correctional facility where your claim(s) arose cover some or all of your claim(s)?

   Yes _____   No _____   Do Not Know _____

   If YES, which claim(s)? _____

D. Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose?

   Yes _____   No _____

   If NO, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

   Yes _____   No _____

E. If you did file a grievance, about the events described in this complaint, where did you file the grievance?
   _____

   1. Which claim(s) in this complaint did you grieve? _____
   _____

   2. What was the result, if any? _____
   _____

   3. What steps, if any, did you take to appeal that decision? Describe all efforts to appeal to the highest level of the grievance process. _____
   _____
   _____
   _____
   _____

F. If you did not file a grievance:

   1. If there are any reasons why you did not file a grievance, state them here: _____
   _____
   _____
   _____

   2. If you did not file a grievance but informed any officials of your claim, state who you informed,

*Rev. 05/2010*                                      4

       when and how, and their response, if any: _____
_____
_____
_____
_____

G.   Please set forth any additional information that is relevant to the exhaustion of your administrative remedies. _____
_____
_____
_____
_____
_____

Note:   You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.

V.   Relief:

State what you want the Court to do for you (including the amount of monetary compensation, if any, that you are seeking and the basis for such amount). _____

**Compensatory Damages in the amount of FIVE MILLION DOLLARS for personal injury sustained.**

**Punitive Damages in the amount of FIVE MILLION DOLLARS to discourage current N.Y.P.D. practices that include physically and legally brutalizing the same citizens of NEW YORK that pay their wages and to discourage District Attorney Cyrus R.Vance,Jr. and the Manhattan's District Attorney's Office from aiding and abetting corrupt N.Y.P.D. officials that subsequently cause nothing but loss to the People that they supposedly represent.**

VI.   Previous lawsuits:

   A.   Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

      Yes ____ No _X_

[box: On these claims]

B. If your answer to A is YES, describe each lawsuit by answering questions 1 through 7 below. (If there is more than one lawsuit, describe the additional lawsuits on another sheet of paper, using the same format.)

1. Parties to the previous lawsuit:

Plaintiff _____

Defendants _____

2. Court (if federal court, name the district; if state court, name the county) _____
_____

3. Docket or Index number _____

4. Name of Judge assigned to your case _____

5. Approximate date of filing lawsuit _____

6. Is the case still pending? Yes ____ No ____

If NO, give the approximate date of disposition _____

7. What was the result of the case? (For example: Was the case dismissed? Was there judgment in your favor? Was the case appealed?) _____
_____
_____

[On other claims]

C. Have you filed other lawsuits in state or federal court otherwise relating to your imprisonment?
Yes ____ No **X**

D. If your answer to C is YES, describe each lawsuit by answering questions 1 through 7 below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same format.)

1. Parties to the previous lawsuit:

Plaintiff _____

Defendants _____

2. Court (if federal court, name the district; if state court, name the county) _____
_____

3. Docket or Index number _____

4. Name of Judge assigned to your case _____

5. Approximate date of filing lawsuit _____

6. Is the case still pending? Yes ____ No ____

If NO, give the approximate date of disposition _____

7. What was the result of the case? (For example: Was the case dismissed? Was there judgment in your favor? Was the case appealed?) _____
_____

I declare under penalty of perjury that the foregoing is true and correct.

Signed this 4th day of March, 2013.

        Signature of Plaintiff _____

        Inmate Number     12 A 3480

        Institution Address   SING SING CORR. FAC.

        354 HUNTER STREET

        OSSINING, NEW YORK 10562

Note: All plaintiffs named in the caption of the complaint must date and sign the complaint and provide their inmate numbers and addresses.

I declare under penalty of perjury that on this 4th day of March, 2013, I am delivering this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for the Southern District of New York.

        Signature of Plaintiff: _____